# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| RAMONA C. STALEY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:16-cv-00402-PMW<br><br><br>Chief Magistrate Judge Paul M. Warner |

All parties in this case have consented to Chief United States Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[2] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Ramona C. Staley's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this action. *See* docket no. 26.

[2] *See* docket no. 17.

## BACKGROUND

On June 18, 2008, Plaintiff filed an application for DIB, alleging disability beginning on December 31, 2007.[3] On January 8, 2009, Plaintiff's claim was approved.[4] On March 27, 2013, the Commissioner determined that Plaintiff was no longer disabled as of March 1, 2013.[5] Plaintiff appealed that decision and, upon reconsideration, the Commissioner confirmed that Plaintiff was no longer disabled as of March 1, 2013.[6]

Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[7] and that hearing was held on May 20, 2014.[8] On August 19, 2014, the ALJ issued a decision upholding the termination of Plaintiff's disability benefits.[9] On March 18, 2016, the Appeals Council denied Plaintiff's request for review,[10] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

---

[3] *See* docket no. 8, Administrative Record ("Tr. ____") at 128.

[4] *Id.*

[5] *See* Tr. at 105-107.

[6] *See* Tr. at 123-133.

[7] *See* Tr. at 138.

[8] *See* Tr. at 62-95.

[9] *See* Tr. at 21-60.

[10] *See* Tr. at 5-11.

The ALJ recognized that, as of March 1, 2013, Plaintiff had certain severe impairments.[11] However, the ALJ found that Plaintiff had experienced medical improvements beginning March 1, 2013.[12] The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of sedentary work.[13] Specifically, the ALJ found that Plaintiff could perform her past relevant work as a telephone solicitor.[14] Therefore, the ALJ found that that as of March 1, 2013, Plaintiff was no longer disabled.[15]

On May 16, 2016, Plaintiff filed her complaint in this case.[16] On August 8, 2016, the Commissioner filed an answer and a copy of the administrative record.[17] Plaintiff filed her opening brief on September 30, 2016.[18] The Commissioner filed an answer brief on November 4, 2016.[19] Plaintiff filed her reply brief on November 18, 2016.[20]

---

[11] *See* Tr. at 26.

[12] *See* Tr. at 28.

[13] *See* Tr. at 29-50.

[14] *See* Tr. at 51-53.

[15] *See* Tr. at 53.

[16] *See* docket no. 3.

[17] *See* docket nos. 7-8.

[18] *See* docket no. 18.

[19] *See* docket no. 21.

[20] *See* docket no. 24.

## **STANDARD OF REVIEW**

The court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

In order to determine whether to terminate or continue benefits, the Commissioner must determine "if there has been any medical improvement in [a claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work." 20 C.F.R. § 404.1594(a). Disability benefits may be terminated based on medical improvement only if there is substantial evidence demonstrating that "there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and . . . the individual is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1)(A)-(B). Medical improvement is defined as

> any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s).

20 C.F.R. § 404.1594(b)(1). The Commissioner bears the burden of establishing a claimant's medical condition has improved. *See Hayden v. Barnhart*, 374 F.3d 986, 988 (10th Cir. 2004).

"An eight-part sequential evaluation process is used in termination reviews." *Knapp v. Barnhart*, 68 F. App'x 951, 952 (10th Cir. 2003); *see* 20 C.F.R. § 404.1594(f)(1)-(8). The first step asks whether the claimant is engaging in substantial gainful activity. *See* 20 C.F.R. § 404.1594(f)(1). If the claimant is engaged in substantial gainful activity, she is no longer considered disabled. *See id.* If, however, the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to the next step.

At step two, the Commissioner considers whether the claimant's impairments meet or equal a section of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"). *See* 20 C.F.R. § 404.1594(f)(2); *see also* 20 C.F.R. § 404, Subpart P, Appendix 1. If the claimant's impairments meet or equal a listing, she will continue to be found disabled. *See id.* If, on the other hand, the claimant's impairments do not meet or equal a listing, the Commissioner moves to the next step.

The third step requires the Commissioner to determine whether there has been medical improvement, as defined above, in the claimant's conditions. *See* 20 C.F.R. § 404.1594(f)(3). If there has been medical improvement in the claimant's conditions, the Commissioner proceeds to

step four. *See id*. If there has not been medical improvement in the claimant's conditions, the Commissioner proceeds to step five. *See id*.

At step four, the Commissioner considers whether the demonstrated medical improvement is related to the claimant's ability to work. *See* 20 C.F.R. § 404.1594(f)(4). The consideration at this step is whether there has been an increase in the claimant's RFC based on the impairments that were present at the time of the claimant's most recent favorable medical determination. *See id*. If the medical improvement is related to the claimant's ability to work, the Commissioner proceeds to step six. *See id*. If it is not, then the Commissioner proceeds to step five. *See id*.

At step five, which is reached only if the Commissioner determines that there has been no medical improvement or that the medical improvement is not related to the claimant's ability to work, the Commissioner considers whether any of the exceptions to medical improvement contained in 20 C.F.R. § 404.1594(d) or (e) apply. *See* 20 C.F.R. § 404.1594(f)(5). If none of them applies, the Commissioner will determine that the claimant is still disabled. *See id*. If any of the first group of exceptions applies, the Commissioner proceeds to step six. *See id*. If any of the second group of exceptions applies, the claimant the Commissioner will determine that the claimant is no longer disabled. *See id*.

At step six, which is reached only if the Commissioner determines that there has been medical improvement related to the claimant's ability to work or if one of the first group of exceptions to medical improvement applies, the Commissioner considers whether all of the claimant's impairments are severe. *See* 20 C.F.R. § 404.1594(f)(6). If all of the claimant's

impairments are deemed to be severe, the Commissioner proceeds to step seven. *See id*. If not, the Commissioner will determine that the claimant is no longer disabled. *See id*.

The seventh step requires the Commissioner to consider whether the claimant can engage in substantial gainful activity. *See* 20 C.F.R. § 404.1594(f)(7). The Commissioner first determines whether the claimant has the RFC to engage in work he or she has done in the past. *See id*. If the claimant can perform such work, the Commissioner will determine that the claimant is no longer disabled. *See id*. If not, the Commissioner proceeds to step eight. *See id*

At step eight, the Commissioner considers whether the claimant has the RFC to do other work. *See* 20 C.F.R. § 404.1594(f)(8). If the claimant can perform other work, the Commissioner will determine that the claimant is no longer disabled. *See id*. If not, the Commissioner will determine that the claimant is still disabled. *See id*.

## **ANALYSIS**

Plaintiff contends that the Commissioner's final decision in this case should be reversed because the ALJ erred (1) by determining that Plaintiff experienced medical improvement and (2) in the assessment of Plaintiff's RFC. The court will address those arguments in turn.

**I.    Medical Improvement**

As noted above, in order to determine whether terminate or continue benefits, the Commissioner must determine "if there has been any medical improvement in [a claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work." 20 C.F.R. § 404.1594(a). Medical improvement is defined as

> any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant] [was] disabled or continued to be disabled. A determination that there has been a

7

> decrease in medical severity must be based on changes
> (improvement) in the symptoms, signs and/or laboratory findings
> associated with [the claimant's] impairment(s)

20 C.F.R. § 404.1594(b)(1). In considering whether medical improvement has occurred, the ALJ must compare prior and current medical evidence and show that there have been improvements in symptoms, signs, or laboratory findings associated with the claimant's impairments. *See* 20 C.F.R. § 404.1594(c)(1). The relevant point of comparison of prior medical evidence is the most recent favorable decision or "the latest [final] decision involving a consideration of medical evidence and the issue of whether [the claimant was] disabled or continue[s] to be disabled." 20 C.F.R. § 404.1594(b)(7).

In support of her argument that the ALJ erred by determining that Plaintiff experienced medical improvement, Plaintiff maintains that the ALJ failed to (A) properly weigh certain medical opinion evidence; and (B) make a comparison of the severity of Plaintiff's impairments at the time of the most recent favorable decision with the current severity of Plaintiff's impairments. The court will address those arguments in turn.

### A. Medical Opinions

Plaintiff contends that the ALJ erred in his treatment of medical opinions from three sources. Plaintiff argues that the ALJ erred in (1) his treatment of two of Plaintiff's treating sources, Jane Johnson ("Ms. Johnson") and Dr. Tim Kockler ("Dr. Kockler"), as well as in (2) his treatment of the opinions of a non-examining source, Dr. Susan MacNamara ("Dr. MacNamara").

#### 1. Treating Source Opinions

> In deciding how much weight to give a treating source
> opinion, an ALJ must first determine whether the opinion qualifies

> for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 404.1527(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). As with other evidentiary matters, when an ALJ is considering medical opinion

9

evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

With respect to Ms. Johnson's opinions, Plaintiff asserts that the ALJ's decision demonstrates that he was "picking and choosing" the portions of Ms. Johnson's opinions he needed to support his decision.[21] Plaintiff's assertion is unfounded and without merit. A review of the ALJ's decision reveals that he gave Ms. Johnson's opinions mixed weight. The ALJ determined that certain portions of Ms. Johnson's opinions were consistent with other medical opinions and the record as a whole and, accordingly, gave those opinions favorable weight. At the same time, the ALJ determined that other portions of Ms. Johnson's opinions were inconsistent with her own statements and treatment notes and, consequently, gave those opinions no weight. Consistency was a proper factor for the ALJ to consider when determining the weight given to Ms. Johnson's opinions. *See* 20 C.F.R. § 404.1527(c)(4); *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) ("Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." (quotations and citations omitted)).

Concerning the opinions of Dr. Kockler, Plaintiff argues that the ALJ failed to specifically indicate the weight he was giving to those opinions. While it is true that the ALJ did not use the specific word "weight" when discussing Dr. Kockler's opinion, the ALJ stated that Dr. Kockler's findings were "substantially aligned" with other record evidence.[22] Additionally, the ALJ's decision clearly demonstrates that the ALJ thoroughly considered and relied upon portions of Dr.

---

[21] Docket no. 18 at 9.

[22] Tr. 42.

Kockler's opinions. In the court's view, that was sufficient to demonstrate the weight the ALJ assigned to Dr. Kockler's opinions. Furthermore, even if Plaintiff had been successful in persuading the court that the ALJ did err in failing to assign weight to Dr. Kockler's opinions, the court would conclude that any such error was harmless because Dr. Kockler's opinions are generally consistent with the ALJ's RFC determination. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (concluding that the ALJ's failure to assign a specific weight to a medical opinion was harmless where the opinion was generally consistent with the ALJ's RFC determination).

As a final matter on the opinions of Ms. Johnson and Dr. Kockler, the court notes that many of Plaintiff's arguments concerning those opinions are directed at the weight of the evidence before the ALJ. Such arguments are futile on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

Based on the foregoing, the court concludes that the ALJ did not err in his treatment of the medical opinions of Ms. Johnson or Dr. Kockler. Accordingly, the court has determined that Plaintiff's arguments with respect to the ALJ's treatment of those opinions are without merit.

### 2. Non-Examining Source Opinion

Plaintiff next argues that the opinions of a non-examining source, Dr. MacNamara, were not based on a review of the entire record and that, therefore, the ALJ erred by giving them great weight. More specifically, Plaintiff contends that Dr. MacNamara's opinion did not consider additional medical records that were added to Plaintiff's file after Dr. MacNamara's review of the record. However, as noted by the Commissioner, Plaintiff does not point to any significant medical records dated after Dr. MacNamara's opinions that would have changed those opinions. Although Plaintiff relies upon Ms. Johnson's opinions and treatment notes, those undermine Plaintiff's argument, as they generally indicate that Plaintiff was able to work. Accordingly, the court has determined that the ALJ did not commit any error in his treatment of Dr. MacNamara's opinions, even though those opinions were not based on a review of the entire case record. *See Tarpley v. Colvin*, 601 F. App'x 641, 644 (10th Cir. 2015) (rejecting the claimant's argument that the ALJ gave too much weight to the nontreating agency physician's opinion, who did not review later treating physician opinions, because "nothing in the later medical records [the claimant] cites supports the disabling limitations found by [the later opinions] or a material change in [the claimant's] condition that would render [the nontreating agency physician's] opinion stale").

The court concludes that the ALJ did not err in his treatment of the medical opinions of Dr. MacNamara; therefore, Plaintiff's argument with respect to the ALJ's treatment of that opinion fails.

### B. Comparison of Impairments

In further support of her argument concerning medical improvement, Plaintiff contends that the ALJ failed to make a comparison of the severity of Plaintiff's impairments at the time of

the most recent favorable decision with the current severity of Plaintiff's impairments. *See* 20 C.F.R. § 404.1594(b)(7). That contention is without merit. The court concludes that Plaintiff has engaged in a hyper-technical reading of the ALJ's decision. In his decision, the ALJ began his detailed analysis by recounting Plaintiff's past medical history, as well as the physical and mental examinations she underwent, beginning in 2007 and working forward chronologically. The ALJ then properly considered the medical opinion evidence, the majority of which demonstrated that Plaintiff's impairments had improved. Relying upon that substantial evidence in the record, the ALJ determined that Plaintiff had experienced medical improvement. Although there may not be a specific section devoted to the above-referenced comparison, the ALJ's decision demonstrates that he thoroughly compared the prior and current medical evidence, which demonstrated that there had been improvements in the symptoms, signs, or laboratory findings associated with Plaintiff's impairments. *See* 20 C.F.R. § 404.1594(c)(1). Accordingly, the court concludes that Plaintiff's argument on this point fails.

## II. RFC

Plaintiff argues that the ALJ erred by failing to properly evaluate Plaintiff's RFC because the ALJ failed to (A) include any limitations for prolonged sitting and (B) include any mental limitations.

### A. Sitting Limitations

Plaintiff's argument on this point centers on the ALJ's treatment of the opinions of one of Plaintiff's treating sources, Dayne Johnson ("Mr. Johnson"), who opined that sitting for long periods would increase Plaintiff's back pain.[23] In discussing Mr. Johnson's opinions, the ALJ

---

[23] *See* Tr. 714.

concluded that they were "persuasive evidence" and entitled to "significant weight."[24] However, the ALJ also determined that, based on a review of all the record evidence, that there was a lack of evidence showing that Plaintiff was unable to sit for six hours during an eight-hour workday.[25] Thus, while the ALJ obviously gave significant weight to Mr. Johnson's opinions concerning Plaintiff's impairments, the ALJ declined to include any sitting limitations in the RFC because the record as a whole did not support such limitations. Again, consistency between Mr. Johnson's medical opinions and the record as a whole was an appropriate factor for the ALJ to consider in determining the weight assigned to Mr. Johnson's opinions. *See* 20 C.F.R. § 404.1527(c)(4). The court concludes that the ALJ did not err in his treatment of Mr. Johnson's opinions. Additionally, the ALJ did not err by failing to include sitting limitations in Plaintiff's RFC because those limitations were not supported by the medical record. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (providing that the ALJ did not err by failing to include limitations in the RFC that were not supported by the record).

**B.  Mental Limitations**

Plaintiff contends that the ALJ erred by failing to include any mental limitations in Plaintiff's RFC. In advancing that contention, Plaintiff again argues about the weight the ALJ assigned to certain medical opinions, including those of Ms. Johnson, Dr. Kockler, and Dr. MacNamara. The court concludes that Plaintiff's arguments on this point are nothing more than an effort to reargue the weight of the evidence before the ALJ. As previously noted, that tactic is unavailing on appeal. *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*,

---

[24] Tr. 45.

[25] *See* Tr. 46.

230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. Accordingly, the court concludes that Plaintiff's arguments concerning the ALJ's failure to include mental limitations in Plaintiff's RFC are without merit.

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 28th day of September, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge